[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1970

 JULIO SANTIAGO-JIMENEZ,

 Plaintiff, Appellant,

 v.

 SECRETARY OF HEALTH AND HUMAN SERVICES,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Stahl,
 Circuit Judges.
 

 

 Savador Medina De La Cruz, on brief for appellant.
 
 Daniel F. Lopez Romo, United States Attorney, Jose Vazquez
 
Garcia, Assistant United States Attorney, and Amy S. Knopf,
 
Assistant Regional Counsel, Department of Health and Human
Services on brief for appellee.

 

 June 9, 1993
 

 Per Curiam. Claimant appellant Julio Santiago-
 

Jimenez filed an application for social security disability

benefits in June, 1986. He alleged an inability to work

beginning January, 1986, due to a cardiovascular condition.

Claimant was 37 years old on the date of alleged onset. His

most recent employment had been as a laborer and packer, jobs

which required heavy physical exertion. 

 There have been two evidentiary hearings in this

case. At the first hearing on December 16, 1987, appellant,

his wife, and a medical advisor testified. The

administrative law judge ("ALJ") held appellant not disabled

at step five of the sequential evaluation process. See
 

Goodermote v. Secretary of HHS, 690 F.2d 5, 6-7 (1st Cir.
 

1982). Specifically, the ALJ found that while appellant had

a severe impairment which precluded return to his past

relevant work, he nevertheless had a residual functional

capacity for the full range of light work jobs available in

the economy. The ALJ's functional capacity assessment,

however, had been made without the assistance of a qualified

physician. On appeal to the district court, the case was

remanded to the ALJ for further consideration in light of

this court's previous decisions. See Rivera-Figueroa v.
 

Secretary of HHS, 858 F.2d 48, 52 (1st Cir. 1988); Rivera-
 

Torres v. Secretary of HHS, 837 F.2d 4, 7 (1st Cir. 1988) (a
 

 -2-

lay fact-finder is not qualified to determine functional

capacity solely on the basis of bare medical findings). 

 On remand, the ALJ held a supplementary hearing at

which he heard more testimony from claimant, as well as the

testimony of a second medical advisor and a vocational

expert. On the basis of the entire record, the ALJ then

concluded that appellant retained a capacity for sedentary

jobs which existed in significant numbers in the economy, as

well as one or two positions identified as "light" work jobs.

Appellant appealed to the district court again. The

magistrate-judge issued a report recommending affirmance of

the ALJ's decision. The district court adopted the

magistrate's report and recommendation, affirming the

Secretary. This appeal followed. We, too, affirm.

 We are met at the outset with an argument from the

Secretary that the appeal should be dismissed because

appellant allegedly failed to file timely objections to the

magistrate's report in the district court. Failure to file

specific objections to a magistrate's report within the time

allowed ordinarily waives the right to appeal the district

court's order. Thomas v. Arn, 474 U.S. 140 (1985); United
 

States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).
 

Appellant's alleged late filing in this case, however,

contained specific objections to the report, as well as an

assertion that he had received the report only six days

 -3-

earlier. The Secretary did not challenge claimant's

assertion of late notice in the court below, nor object in

any way to the district court's consideration of the merits.

The district judge adopted the magistrate's report without

reference to the timeliness of the objections. We thus have

no reason to consider the Secretary's belated procedural

challenge here. 

 Appellant's argument on the merits is confined to a

single issue: whether the ALJ correctly determined on remand

that appellant is capable of performing sedentary work,

despite evidence that he suffers from occasional episodes of

chest pain. On this review our task is to determine whether

the Secretary's findings are supported by "substantial

evidence." Although the record may support more than one

conclusion, we uphold the Secretary when "a reasonable mind,

reviewing the evidence in the record as a whole, could accept

it as adequate to support his conclusion." Ortiz v.
 

Secretary of HHS, 955 F.2d 765, 769 (1st Cir. 1991), quoting
 

Rodriguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir.
 

1981); see also Richardson v. Perales, 402 U.S. 389, 401
 

(1971). Resolutions of conflicts in the evidence are for the

Secretary. Ortiz, 955 F.2d at 769; Evangelista v. Secretary
 

of HHS, 826 F.2d 136, 141 (1st Cir. 1987). Where the facts
 

permit diverse inferences, we will affirm the Secretary so

long as the inferences drawn are supported by the evidence.

 -4-

Rodriguez Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir.
 

1987), cert. denied, 484 U.S. 1012 (1988); Lizotte v.
 

Secretary of HHS, 654 F.2d 127, 128 (1st Cir. 1981).
 

 Using the criteria for the evaluation of complaints

of pain set forth in Avery v. Secretary of HHS, 797 F.2d 19
 

(1st Cir. 1986), the ALJ determined that the objective

medical findings in the record did not substantiate

appellant's claims of functionally limiting pain to the

degree alleged. There was ample evidence for this

conclusion. While appellant's chest condition had been

variously diagnosed, both medical advisors testified that

claimant's pain was not ischemic in nature, but was instead

associated with costochondritis, an inflammation of the

cartilage connecting the ribs to the sternum. They stated

that the condition is treatable with steroids and anti-

inflammatory medications. While costochondritis can cause

severe pain, both medical advisors concluded that the

diagnosis alone did not dictate a medical basis for the

frequency and degree of functionally limiting pain which

appellant alleged. 

 At the supplementary hearing, the medical advisor

also testified that, despite appellant's chest condition, he

retained a functional capacity for sedentary work. Appellant

was found able to lift ten pounds, sit and stand for six to

eight hours at a time, and change positions. The expert

 -5-

based his opinion on all of the medical records and tests,

expressly including consideration of appellant's

costochondritis as well as his occasional tachycardia,

controlled hypertension, pain, and the effects of appellant's

various medications. While the expert conceded that

appellant would be unable to work during any episode of

uncontrolled severe pain, which might occur on average once

per week, he stated that such an episode would be of limited

duration, lasting no more than one hour. He based the latter

estimate largely on appellant's own testimony as to the

effectiveness of prescribed medication in controlling his

pain. 

 The vocational expert also testified to the

existence of a series of jobs which a person with appellant's

skills and stamina could perform, despite occasional episodes

of severe pain. In sum, there was substantial evidence to

support the ALJ's conclusion that claimant was "not disabled"

at step five. Appellant argues that the ALJ

should, instead, have credited appellant's testimony to the

effect that he suffered much more frequent (even daily)

debilitating bouts of pain. Both the medical advisor and

vocational expert agreed that if appellant's bouts of pain

were as severe and frequent as he claimed, appellant would be

unable to perform any sedentary job in the economy. However,

evaluation of the credibility of unsubstantiated subjective

 -6-

reports of pain is for the Secretary -- not the courts -- to

resolve. Evangelista v. Secretary of HHS, 826 F.2d 136 (1st
 

Cir. 1987). "The credibility determination by the ALJ, who

observed the claimant, evaluated his demeanor, and considered

how that testimony fit in with the rest of the evidence, is

entitled to deference, especially when supported by specific

findings." Frustaglia v. Secretary of 
 

HHS, 829 F.2d 192, 195 (1st Cir. 1987).
 

 Accordingly, the decision below is affirmed. 
 

 -7-