995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Julio SANTIAGO-JIMENEZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 92-1970.
 United States Court of Appeals,
First Circuit.
 June 9, 1993.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Savador Medina De La Cruz, on brief for appellant.
 Daniel F. Lopez Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Amy S. Knopf, Assistant Regional Counsel, Department of Health and Human Services on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant appellant Julio Santiago-Jimenez filed an application for social security disability benefits in June, 1986. He alleged an inability to work beginning January, 1986, due to a cardiovascular condition. Claimant was 37 years old on the date of alleged onset. His most recent employment had been as a laborer and packer, jobs which required heavy physical exertion.
 
 
 2
 There have been two evidentiary hearings in this case. At the first hearing on December 16, 1987, appellant, his wife, and a medical advisor testified. The administrative law judge ("ALJ") held appellant not disabled at step five of the sequential evaluation process. See Goodermote v. Secretary of HHS, 690 F.2d 5, 6-7 (1st Cir. 1982). Specifically, the ALJ found that while appellant had a severe impairment which precluded return to his past relevant work, he nevertheless had a residual functional capacity for the full range of light work jobs available in the economy. The ALJ's functional capacity assessment, however, had been made without the assistance of a qualified physician. On appeal to the district court, the case was remanded to the ALJ for further consideration in light of this court's previous decisions. See Rivera-Figueroa v. Secretary of HHS, 858 F.2d 48, 52 (1st Cir. 1988); Rivera-Torres v. Secretary of HHS, 837 F.2d 4, 7 (1st Cir. 1988) (a lay fact-finder is not qualified to determine functional capacity solely on the basis of bare medical findings).
 
 
 3
 On remand, the ALJ held a supplementary hearing at which he heard more testimony from claimant, as well as the testimony of a second medical advisor and a vocational expert. On the basis of the entire record, the ALJ then concluded that appellant retained a capacity for sedentary jobs which existed in significant numbers in the economy, as well as one or two positions identified as "light" work jobs. Appellant appealed to the district court again. The magistrate-judge issued a report recommending affirmance of the ALJ's decision. The district court adopted the magistrate's report and recommendation, affirming the Secretary. This appeal followed. We, too, affirm.
 
 
 4
 We are met at the outset with an argument from the Secretary that the appeal should be dismissed because appellant allegedly failed to file timely objections to the magistrate's report in the district court. Failure to file specific objections to a magistrate's report within the time allowed ordinarily waives the right to appeal the district court's order. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986). Appellant's alleged late filing in this case, however, contained specific objections to the report, as well as an assertion that he had received the report only six days earlier. The Secretary did not challenge claimant's assertion of late notice in the court below, nor object in any way to the district court's consideration of the merits. The district judge adopted the magistrate's report without reference to the timeliness of the objections. We thus have no reason to consider the Secretary's belated procedural challenge here.
 
 
 5
 Appellant's argument on the merits is confined to a single issue: whether the ALJ correctly determined on remand that appellant is capable of performing sedentary work, despite evidence that he suffers from occasional episodes of chest pain. On this review our task is to determine whether the Secretary's findings are supported by "substantial evidence." Although the record may support more than one conclusion, we uphold the Secretary when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Secretary of HHS, 955 F.2d 765, 769 (1st Cir. 1991), quoting Rodriguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Resolutions of conflicts in the evidence are for the Secretary. Ortiz, 955 F.2d at 769; Evangelista v. Secretary of HHS, 826 F.2d 136, 141 (1st Cir. 1987). Where the facts permit diverse inferences, we will affirm the Secretary so long as the inferences drawn are supported by the evidence.
 
 
 6
 Rodriguez Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir. 1987), cert. denied, 484 U.S. 1012 (1988); Lizotte v. Secretary of HHS, 654 F.2d 127, 128 (1st Cir. 1981).
 
 
 7
 Using the criteria for the evaluation of complaints of pain set forth in Avery v. Secretary of HHS, 797 F.2d 19 (1st Cir. 1986), the ALJ determined that the objective medical findings in the record did not substantiate appellant's claims of functionally limiting pain to the degree alleged. There was ample evidence for this conclusion. While appellant's chest condition had been variously diagnosed, both medical advisors testified that claimant's pain was not ischemic in nature, but was instead associated with costochondritis, an inflammation of the cartilage connecting the ribs to the sternum. They stated that the condition is treatable with steroids and anti-inflammatory medications. While costochondritis can cause severe pain, both medical advisors concluded that the diagnosis alone did not dictate a medical basis for the frequency and degree of functionally limiting pain which appellant alleged.
 
 
 8
 At the supplementary hearing, the medical advisor also testified that, despite appellant's chest condition, he retained a functional capacity for sedentary work. Appellant was found able to lift ten pounds, sit and stand for six to eight hours at a time, and change positions. The expert based his opinion on all of the medical records and tests, expressly including consideration of appellant's costochondritis as well as his occasional tachycardia, controlled hypertension, pain, and the effects of appellant's various medications. While the expert conceded that appellant would be unable to work during any episode of uncontrolled severe pain, which might occur on average once per week, he stated that such an episode would be of limited duration, lasting no more than one hour. He based the latter estimate largely on appellant's own testimony as to the effectiveness of prescribed medication in controlling his pain.
 
 
 9
 The vocational expert also testified to the existence of a series of jobs which a person with appellant's skills and stamina could perform, despite occasional episodes of severe pain. In sum, there was substantial evidence to support the ALJ's conclusion that claimant was "not disabled" at step five. Appellant argues that the ALJ should, instead, have credited appellant's testimony to the effect that he suffered much more frequent (even daily) debilitating bouts of pain. Both the medical advisor and vocational expert agreed that if appellant's bouts of pain were as severe and frequent as he claimed, appellant would be unable to perform any sedentary job in the economy. However, evaluation of the credibility of unsubstantiated subjective reports of pain is for the Secretary-not the courts-to resolve. Evangelista v. Secretary of HHS, 826 F.2d 136 (1st Cir. 1987). "The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." Frustaglia v. Secretary of HHS, 829 F.2d 192, 195 (1st Cir. 1987).
 
 
 10
 Accordingly, the decision below is affirmed.