USCA1 Opinion

 

 March 10, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1703 NELLY ROMAN GALARZA, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Juan A. Hernandez Rivera and Raymond Rivera Esteves on brief ________________________ ______________________ for appellant. Guillermo Gil, United States Attorney, Maria Hortensia Rios, _____________ ____________________ Assistant United States Attorney, and Joseph E. Dunn, Assistant _______________ Regional Attorney, Department of Health & Human Services, on brief for appellee. __________________ __________________ Per Curiam. Plaintiff appeals from a district __________ court decision affirming a final decision of the Secretary of Health and Human Services that appellant did not meet the disability requirements of the Social Security Act for purposes of obtaining disability benefits. We affirm the judgment below. Appellant's application for disability benefits alleged an inability to work beginning at age 47, due to asthma, chest pain, back pain, high blood pressure and a nervous condition. After a hearing at which appellant was represented by counsel, an Administrative Law Judge ("ALJ") found that appellant suffered from bronchial asthma and allergic rhinopharyngitis. The medical evidence, however, did not indicate that these conditions were as severe as appellant claimed, and the ALJ found appellant's testimony on this point "not credible." The ALJ concluded that appellant was capable of performing her past relevant work as a photo supply sales clerk or customer service representative. The Appeals Council affirmed after a separate review, modifying the record to include a finding that evidence of appellant's alleged mental impairment also reflected a lack of the requisite severity, both alone and in combination with her other medical conditions. In sum, the Secretary found that appellant was "not disabled" at step four of the familiar regulatory five-step sequential analysis, in that she was able to perform her past -2- relevant work. See 20 C.F.R. 404.1520. Appellant then ___ appealed to the district court, where the magistrate undertook a thorough and detailed review of the record, concluding that there was substantial evidence to support the Secretary's decision. The district judge accepted the magistrate's recommendation and entered judgment accordingly. While appellant attempts here to reargue the substantial evidence issue on the basis of the entire record, in the district court she interposed only one specific objection to the magistrate's report. She argued that the ALJ's finding that she could return to her past relevant work was error because the Secretary had not produced expert vocational testimony proving that her work environment was "entirely free of irritants, pollutants and other potentially damaging conditions." Since appellant and her counsel were notified that a failure to object would result in waiver of any issue not specifically raised, on appeal we need address only the issue properly preserved. United States v. ______________ Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (after proper _______________ notice, failure to file a specific objection to magistrate's report will waive the right to appeal); P.R. Loc. R. 510.2; see also Thomas v. Arn, 474 U.S. 140 (1985) (upholding _________ ______ ___ constitutionality of waiver rule). Appellant's objection misperceives the burden of proof at the preliminary stages of the sequential analytic -3- process, and assumes a conclusion about her condition that is not supported by the evidence. "It is well settled that a claimant seeking disability benefits has the initial burden of proving that her impairments prevent her from performing her former type of work." Gray v. Heckler, 760 F.2d 369, 371 ____ _______ (1st Cir. 1985); see also Goodermote v. Secretary of HHS, 690 ________ __________ ________________ F.2d 5, 7 (1st Cir. 1982) (explaining burdens at steps of sequential analytic process). The burden includes an obligation to present evidence relating to the particular demands of the job that the claimant alleges she cannot perform. Dudley v. Secretary of HHS, 816 F.2d 792, 795 (1st ______ ________________ Cir. 1987). The medical evidence produced did not require a finding that appellant needed a work environment "entirely free" of irritants. The evidence showed a history of asthma dating back to 1986, but with at most only a few sporadic episodes that might be characterized as severe. Overall, appellant's treating allergist reported that her asthma attacks were not frequent, not severe, and her lungs were clear between episodes. Pulmonary function studies and the remainder of the medical evidence were consistent with a conclusion that appellant suffered only a mildly restrictive ventilatory impairment. Appellant had no exertional limitations whatsoever according to two residual functional capacity assessments. Although one of the assessments might -4- be construed as urging that appellant avoid any contact with extreme cold, wetness, humidity or fumes, the weight of the medical evidence most strongly corroborated the conclusion in the second assessment, that appellant should avoid only "concentrated exposure" to these irritants. The ALJ's evaluation of appellant's testimonial credibility, and his resolution of conflicts between her testimony and the medical evidence are entitled to deference. Frustaglia v. Secretary __________ _________ of HHS, 829 F.2d 192, 195 (1st Cir. 1987). ______ Appellant offered no evidence that her past relevant work generally involved exposure to concentrated amounts of irritants, although she did show that at one time, during a company move, she was exposed to large amounts of dust. Appellant's burden, however, required proof that she could not return to her past type of work generally, not just a particular job. Gray, 760 F.2d at 372. Her own ____ description of her work experience as primarily indoor, office work, instead suggested a likely lack of severely limiting environmental factors. As appellee's brief points out, occupational reference materials available for administrative notice reflect a general absence of environmental concerns in the relevant job categories. See ___ U.S. Dep't of Labor, Selected Characteristics of Occupations ________________________________________ Defined in the Dictionary of Occupational Titles 227, 243 ___________________________________________________ (1981) (annotating general characteristics of work -5- environments for customer service representatives and photographic supplies salespersons); see also Gray, 760 F.2d ________ ____ at 372 (approving administrative notice of occupational reference materials). In light of the lack of convincing evidence suggesting a contrary result, we see no error in the ALJ's failure to employ a vocational expert to describe environmental conditions at the relevant work sites. Appellant's reliance on Social Security Rulings 85-18 and 86- 8 ("SSRs") is misplaced. SSR 86-8 (superseded in part by SSR 91-7c) provides that when an impairment has only a minimal effect on a person's ability to perform basic work activities, "in the absence of contrary evidence" or a showing of "unique" work features, the ALJ may "reasonab[ly] conclude that the claimant is able to perform her past relevant work." That is exactly what the ALJ did here. The other regulation, SSR 85-15, is largely inapposite because it focuses on a claimant's ability to engage in the entire range of occupations (step five of the sequential process). That issue is one on which the Secretary bears the burden of proof, but it is not relevant unless the claimant first demonstrates an inability to return to her past relevant work. In any event, to the extent that SSR 85-15 provides guidance in assessing non-exertional impairments, it does not require the use of a vocational -6- expert to assess the impact of every medical restriction on exposure to irritants, no matter how minor. Rather, SSR 85- 15 specifically observes that a medical limitation requiring avoidance only of concentrated exposures is not likely to have more than a minimal effect in most job environments. Where there is a greater restriction, the ruling states, the ALJ should either consult occupational reference materials or obtain the services of a vocational expert. This is not a close or difficult case, nor one beyond the ken of the average person familiar with office environments. The medical evidence supported only minimal restrictions and generally those restrictions have little, if any, effect in work environments consistent with appellant's past work experience. If further support was needed, it was forthcoming in the occupational reference materials. Accordingly, the judgment below is affirmed. ________ -7-