Joseph T. FRUSTAGLIA,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 86–1919.

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1987.

Decided July 17, 1987.

Herman J. Smith, Jr. and Boston University Legal Aid Program, Boston, Mass., on brief, for plaintiff, appellant.

Paul Germanotta, Asst. Gen. Counsel, Dept. of Health and Human Services, Robert F. Mueller, U.S. Atty., and Jeffrey R. Martin, Asst. U.S. Atty., Boston, Mass., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge,
BREYER and SELYA, Circuit Judges.

PER CURIAM.

The claimant, Joseph Frustaglia, was born in 1939 and has a tenth grade education. He has worked as a machinist and a gas station attendant, but has been unemployed since 1975. This appeal is from the denial of his second application for supplemental security income under Title XVI of the Social Security Act. The claimant alleges that he is unable to work because of his migraine headaches and back problems. The Administrative Law Judge (ALJ) found that the claimant has a severe back condition which prevents him from returning to his former work, but that he could perform the full range of sedentary or light work. We affirm.

I.

The claimant's first application, (T. 48–57), was filed in July 1982. It alleged disability due to migraine headaches and backaches, essentially the same conditions stated in the second application. The first claim was denied initially, (T. 60–61), and, since the claimant pursued no further administrative remedies, that decision became final on October 20, 1982. *See* 20 C.F.R. § 404.957(c)(1).

The ALJ did not expressly comment on the administrative *res judicata* effect of the prior determination. His decision, however, contains a summary, (T. 17), of a report submitted in the earlier proceeding by Dr. Brown, a consulting physician for the state disability agency, which report, (T. 99–105), was essentially favorable to the claimant. The ALJ discounted Dr. Brown's opinion because his examination took place at a time when the claimant's symptoms were exacerbated, and, the ALJ claimed, not representative of his condition for the requisite 12 month period. (T. 19).

Without expressing an opinion on that issue, we note that the ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application. *Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir.1986); *Miranda v.*

*Secretary of Health, Education and Welfare,* 514 F.2d 996, 998, n. * (1st Cir.1975). We do not read the ALJ's assessment of Dr. Brown's report as a reappraisal of that evidence, but as a recapitulation of background information needed to form a rational decision. Since the claimant was entitled to present new evidence of disability for the unadjudicated period commencing October 21, 1982, the subsequent medical reports of Doctors Jonas and Ritter are the subject of our review. *See Dvareckas v. Secretary of Health and Human Services,* 804 F.2d 770, 772 (1st Cir.1986).

II.

Dr. Jonas states that he has treated the claimant since 1975 for lower back and headache complaints. (T. 114). He diagnosed the claimant to have cluster and migraine headaches which had not been alleviated by medication. Regarding the back complaints, Dr. Jonas referred to a CT scan, (T. 113), performed in June 1983 which showed disc degeneration. Another CT scan, performed three months earlier, had produced normal findings. (T. 106). Nerve conduction velocity studies and an electromyograph, performed in April 1983, showed probable proximal disease in the L5 left spinal region. (T. 112). Dr. Jonas' prognosis was guarded for both complaints.

On July 1, 1983 the claimant was examined by Dr. Ritter, an agency consulting physician. His report, (T. 107–108), mentions the presence of migraine headaches, and focuses on the claimant's back problem including his complaints of acute back pain. On the basis of his examination and x-ray, Dr. Ritter's impression was that the claimant had mechanical back pain without evidence of nerve root pain, irritability or compression. (T. 108). Dr. Ritter also completed a medical assessment form regarding claimant's ability to do work related activities. (T. 108–109). He found no limitation of function and stated that the claimant is "eligible to participate in all activities."

At the hearing, the claimant testified almost exclusively about the incapacitating and worsening effects of his headaches. When questioned about his back pain, the claimant stated that he has acute pain when his back is "out," (T. 43), for as long as seven weeks, two or three times a year, (T. 34), that he could not recall the last time that happened, (T. 34), that when his back is "out" the pain is uncomfortable, (T. 44), and that "the back pains are not what I ... really worry about, it's the headaches. The headache pain is worse than the back pain." (T. 43–44). The claimant was also questioned by the ALJ about his ability to stand, sit, walk, kneel and bend, (T. 34–35), and his daily activities, (T. 36–38), and the medications he had taken over the years. (T. 31).

### III.

■ The ALJ found that the claimant had a severe back condition, and was unable to return to his former work, but could do the full range of sedentary or light work providing it did not require repeated lifting and bending and carrying in excess of twenty pounds. (T. 20). He specifically found that the claimant could sit or stand for approximately six hours during an eight hour day, and lift up to twenty pounds. (T. 19).

Regarding headaches, the claimant's primary complaint, the ALJ said: "In view of the lack of objective findings with respect to the claimant's headaches, the medical evidence does not establish that any headaches which the claimant may experience are severe for purposes of the Social Security Act." (T. 18). We interpret this to mean that the ALJ found, at step two of the sequential evaluation process, that the claimant's headaches had only a minimal effect on his ability to perform most jobs. The ALJ determined, by making this finding, that the claimant was not disabled because of his headaches alone.

The ALJ then evaluated the effects of claimant's back condition on his remaining ability to work, and specifically considered whether any symptom-related limitations of function were imposed by pain. Without distinguishing between head or back pain, the ALJ concluded that he had

"(C)onsidered the claimant's testimony as to the limitations imposed by his condition and associated pain, (and) does not find it to be credible to the extent alleged, particularly in view of the claimant's appearance at the hearing and the lack of significant objective and diagnostic findings to substantiate his complaints." (T. 19).

The ALJ made the specific finding:

3. The claimants subjective complaints were not credible to the extent alleged. (T. 20).

The ALJ based these findings on a lack of objective medical data to support the degree of pain alleged and the appearance of the claimant at the hearing. We note inconsistent and contradictory statements by the claimant,[1] and that neither Dr. Jonas or Dr. Ritter indicated that the claimant's migraine headaches were in any way related to his back problem. Nor does the evidence show a medically determinable impairment which can reasonably be expected

---

1. At the July 1984 hearing, the claimant said that he saw his treating physician "at least every six months, ... sometimes two or three times in a month." (T. 31–32). When he filed his disability application in March 1983, he stated that he saw Dr. Jonas "at least once a week", (T. 84) and that he had one to two headaches every day lasting one to 12 hours (T. 83). At the hearing he testified that the headaches "come more often", three or four times a week, lasting 2½ to 4 hours, and are stronger. (T. 32, 39, 40). In the March 1983 disability report, the claimant stated "I have to stand a lot and get tired from this," (T. 83); at the hearing he said, "I stand most of the time;" "no problem standing." (T. 34). The claimant reported to Dr. Ritter in July 1983 that his back pain is relieved by bed rest and standing. (T. 107). In 1982, the claimant told Dr. Brown that his severe headaches occurred only six months out of the year (T. 99). At the hearing, he testified that in the last five years he had headaches constantly with no "breaks." (T. 39). In weighing the evidence and evaluating the claimant's credibility, the ALJ is entitled to consider the "consistency and inherent probability of the testimony." *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 387 (6th Cir.1978). Where there are inconsistencies in the record, the ALJ may discount subjective complaints of pain. *Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir.1987).

to produce migraine headaches. *Avery v. Secretary of Health and Human Services,* 797 F.2d 19, 21 (1st Cir.1986); *Rafael Rico v. Secretary of Health, Education and Welfare,* 593 F.2d 431, 433 (1st Cir.1979), *cert. denied,* 444 U.S. 858, 100 S.Ct. 120, 62 L.Ed.2d 78 (1979); 20 C.F.R. § 416.929.

The ALJ thoroughly questioned the claimant regarding his daily activities, functional restrictions, medication, prior work record, and frequency and duration of the pain, (T. 34–38), in conformity with the guidelines set out in *Avery* regarding the evaluation of subjective symptoms. *Avery, supra,* at 22; SSR 82–58. The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings. *DaRosa v. Secretary of Health and Human Services,* 803 F.2d 24, 26 (1st Cir.1986). Although more express findings, regarding head pain and credibility, than those given here are preferable, we have examined the entire record and their adequacy is supported by substantial evidence, *Grey v. Heckler,* 760 F.2d 369 (1st Cir.1985). The ALJ was entitled to conclude that the claimant's headaches are not severe.

### IV.

The record also supports the ALJ's determination that the claimant has a severe back problem which limits his ability to bend and lift and carry and prevents him from returning to his former work. The ALJ applied the Medical-Vocational Guidelines of Appendix 2, 20 C.F.R. Part 404, Subpart P, (the Grid) and found that the claimant could do light or sedentary work.

█ The ability to lift and carry are exertional activities, SSR 83–10 at 178, (CE 1983), whereas a bending restriction is a non-exertional impairment. SSR 85–15 at 35, (CE 1985). The existence of a non-exertional impairment does not automatically preclude reliance on the Grid. *Bapp v. Bowen,* 802 F.2d 601, 603 (2d Cir.1986). The ALJ must determine whether a non-exertional limitation is significant enough to limit access to the full range of jobs at the light or sedentary levels. *Gagnon v. Sec-*

*retary of Health and Human Services,* 666 F.2d 662, 666 n. 8 (1st Cir.1981). SSR 83–14, which provides the instructional guidelines for using the Grid as a decision making reference when both exertional and non-exertional impairments are involved, says:

"(T)o perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch (bend both legs and spine), and would need to stoop (bend forward from the waist) only occasionally ..." *Id.* at 204.

SSR 85–15 states:

"If a person can stoop occasionally (from very little to up to one third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact." *Id.* at 36.

█ The ALJ found that the claimant could not do *repeated* bending, i.e., recurring again and again, which by definition is a more strenuous mode than occasional activity. It is fairly obvious that such a restriction would have very little effect on the ability to perform the full range of work at either the light or sedentary level. *See* SSR 83–14 at 205, 208. Light work requires the ability to frequently lift and carry up to ten pounds, 20 C.F.R. § 404.-1567(b), and we do not construe the ALJ's finding that claimant cannot lift and carry more than twenty pounds to be a restriction on that activity. Nor do we find, on this record, any merit in appellant's argument that the ALJ should have considered the back pain, headaches, and lack of sitting ability as non-exertional impairments, since, as discussed earlier, the ALJ was entitled to discredit the claimant's testimony regarding the limitations posed by his conditions. The ALJ's use of the rules of the Grid was proper.

### Conclusion

The ALJ's decision reflects a complete consideration of the record. Objective medical evidence does not support the claimant's headache complaints, and inconsistencies in the record support the ALJ's determination that the claimant's subjective complaints were not credible. Substantial evidence also supports the Secre-

tary's finding that the claimant has the ability to engage in substantial gainful activity on a regular basis. To the extent that they have not been specifically addressed, we find no merit in any of appellant's other arguments.

*Affirmed.*