915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William Perez SANTIAGO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 90-1063.
 United States Court of Appeals, First Circuit.
 Sept. 18, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Hector M. Laffitte, District Judge.
 Louis A. deMier on brief, for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney and Robert J. Triba, Assistant Regional Counsel, Department of Health and Human Services, on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court essentially for the reasons stated in the district court's opinion and order dated December 5, 1989. We add the following comments.
 
 
 2
 Contrary to appellant's contention, we conclude that the ALJ considered the claimant's complaints of pain in accord with this court's decision in Avery v. Secretary of Health and Human Services, 797 F.2d 19 (1st Cir.1986). The ALJ carefully questioned the claimant about his prior work record, Transcript (Tr.) at 29-31, the description, frequency, and duration of his pain symptoms, Tr. at 31-33, and his daily activities, Tr. at 35-36. See Avery v. Secretary of Health and Human Services, 797 F.2d at 23. The ALJ's evaluation of the evidence, Tr. at 16, also notes occasions when the claimant voiced complaints of pain to treating, and other examining, physicians. Id. We believe that this breadth of information is a sufficient basis upon which to make a determination as to the credibility of the claimant's complaints of pain. We further believe that the ALJ's determination as to the frequency and intensity of pain, crediting the claimant's complaints only insofar as to preclude all but sedentary work, is supported by substantial evidence. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir.1987).
 
 
 3
 The claimant, himself, testified that he gets chest pain when he exerts himself or walks at a normal pace. Tr. at 32-33. He has to walk very slowly and cannot walk a whole block without having to stop and rest. Tr. at 33. The pain will last "about 2 minutes and some more" but is relieved quickly with nitroglycerin. Id. The claimant further testified that he can stand for "quite a while" if that does not include "fast movements", and that he "can sit the whole day long." Tr. at 33-34. Based on an examination of the medical evidence in the record, and an opportunity to listen to, and observe the claimant at the hearing, Dr. Rodriguez, the medical advisor (MA), testified that claimant could not lift more than 20 pounds, "maybe" could walk more than he described, and noted that the claimant himself stated that he did not have any problem sitting. Tr. at 41-42. This assessment is consistent with the capacity to do sedentary work, 20 C.F.R. Sec. 404.1567(a) (1990), and constitutes substantial evidence to support the ALJ's finding that the claimant can perform the full range of sedentary work. Rodriguez v. Secretary of DHHS, 893 F.2d 401, 403 (1st Cir.1989).
 
 
 4
 The judgment of the district court is affirmed.