May 25, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1897 

 CESAR RAMIREZ-MORALES,

 Plaintiff, Appellant,

 v.

 SECRETARY OF HEALTH AND HUMAN SERVICES,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for
 
appellant.
Daniel F. Lopez Romo, United States Attorney, Jose Vazquez
 
Garcia, Assistant United States Attorney, and Donna C. McCarthy,
 
Assistant Regional Counsel, Department of Health and Human Services,
on brief for appellee.

 

 

 Per Curiam. We have carefully reviewed the record
 

and conclude that substantial evidence supports the

Secretary's determination that claimant was not disabled when

his insured status expired, and that he retained, at that

time, the physical and mental abilities to perform a narrow

range of light, unskilled jobs such as those enumerated by

the Administrative Law Judge ("ALJ"). We have considered all

of claimant's arguments and, finding them without merit,

affirm the judgment of the district court essentially on the

basis of the magistrate-judge's report as adopted by the

district court.

 We add these comments. Claimant argues that the

hypothetical posed to the vocational expert was defective

because it did not include a non-exertional impairment that

the ALJ ultimately found the claimant to possess, namely an

inability to perform frequent stooping and bending. First,
 

light jobs require, at most, only occasional stooping.1

Frustaglia v. Secretary of HHS, 829 F.2d 192, 195 (1st Cir.
 

1987). If a person can do some stooping and bending, which,

by implication, the ALJ found here, the "light occupational

base is virtually intact." Id. (quoting Social Security
 

Ruling 85-15). The narrowed list of light-work jobs which

the ALJ found claimant could perform are a sub-set of the

light occupational base which does not involve frequent

stooping. Cf. Social Security 85-15 (most medium, heavy and
 

 

1. Stooping is considered the least strenuous of the
bending postures, and involves bending the body from the
waist downward and forward. Social Security Ruling 85-15. 

very heavy jobs require the ability to stoop frequently).

Thus, the frequent stooping restriction has little, if any,

relevance to the light occupational base.

 Second, since claimant does not contest the light

work determination, per se, the no-frequent-stooping

restriction does not, as is argued, further limit the

narrowed range of specific light jobs the ALJ decided

claimant could do.2 Dr. Ortiz, a neurologist who performed

an examination for the Secretary, found that claimant could

occasionally stoop. Dr. Grovas, an orthopaedic surgeon

consulted by claimant, also determined that he could bend

occasionally. Thus, the ALJ's hypothetical, as delimited to

the range of light work, adequately took into account that

virtually all light work jobs require no more than occasional

stooping, an activity which, the uncontradicted evidence

shows, remained within claimant's residual capacity. See
 

Keating v. Secretary of HHS, 848 F.2d 271, 274 (1st Cir.
 

1988). Moreover, the claimant had, but did not take

advantage of, the opportunity to pose his own hypothetical

and correct any perceived inadequacies. Torres v. Secretary
 

of HHS, 870 F.2d 742, 746 (1st Cir. 1989).
 

 

2. And, the capacity for light unskilled work represents,
overall, a substantial vocational scope for a younger
individual (age 18-49) such as claimant who was 36 when his
insured status expired. Medical-Vocational Guidelines, 20
C.F.R. Part 404, Subpt. P, App. 2, 202.00 (g).

 -3-

 Finally, the ALJ did not, as claimant contends,

mechanically apply the rules of the Medical-Vocational

Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (the

"Grid"), to determine the availability of other work that

the claimant could still do. Ortiz v. Secretary of HHS, 890
 

F.2d 520, 524 (1st Cir. 1989). After considering the

individualized evidence offered by a vocational expert, the

ALJ merely referred to a particular rule3 as a "framework",

i.e., additional support for the ultimate decision.

Claimant's assertion that the ALJ "disposed of" the case

using a Grid rule is simply incorrect. Nor does the record

indicate that the ALJ failed to consider the cumulative

effect of claimant's physical and mental impairments. The

ALJ's decision clearly manifests that both claimant's

physical and mental residual capacity were taken into account

in determining a narrowed light work occupational base, and

substantial evidence supports those predicate findings.

 Affirmed.
 

 

3. The ALJ referred to Rule 202.21 which directs a
conclusion of "not disabled" for individuals like claimant:
younger, with a high school education and non-transferable
prior work skills.

 -4-