USCA1 Opinion

 

 May 25, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1897 CESAR RAMIREZ-MORALES, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _______________________ _____________ Garcia, Assistant United States Attorney, and Donna C. McCarthy, ______ __________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed the record __________ and conclude that substantial evidence supports the Secretary's determination that claimant was not disabled when his insured status expired, and that he retained, at that time, the physical and mental abilities to perform a narrow range of light, unskilled jobs such as those enumerated by the Administrative Law Judge ("ALJ"). We have considered all of claimant's arguments and, finding them without merit, affirm the judgment of the district court essentially on the basis of the magistrate-judge's report as adopted by the district court. We add these comments. Claimant argues that the hypothetical posed to the vocational expert was defective because it did not include a non-exertional impairment that the ALJ ultimately found the claimant to possess, namely an inability to perform frequent stooping and bending. First, ________ light jobs require, at most, only occasional stooping.1 Frustaglia v. Secretary of HHS, 829 F.2d 192, 195 (1st Cir. __________ _________________ 1987). If a person can do some stooping and bending, which, by implication, the ALJ found here, the "light occupational base is virtually intact." Id. (quoting Social Security ___ Ruling 85-15). The narrowed list of light-work jobs which the ALJ found claimant could perform are a sub-set of the light occupational base which does not involve frequent stooping. Cf. Social Security 85-15 (most medium, heavy and ___ ____________________ 1. Stooping is considered the least strenuous of the bending postures, and involves bending the body from the waist downward and forward. Social Security Ruling 85-15. very heavy jobs require the ability to stoop frequently). Thus, the frequent stooping restriction has little, if any, relevance to the light occupational base. Second, since claimant does not contest the light work determination, per se, the no-frequent-stooping restriction does not, as is argued, further limit the narrowed range of specific light jobs the ALJ decided claimant could do.2 Dr. Ortiz, a neurologist who performed an examination for the Secretary, found that claimant could occasionally stoop. Dr. Grovas, an orthopaedic surgeon consulted by claimant, also determined that he could bend occasionally. Thus, the ALJ's hypothetical, as delimited to the range of light work, adequately took into account that virtually all light work jobs require no more than occasional stooping, an activity which, the uncontradicted evidence shows, remained within claimant's residual capacity. See ___ Keating v. Secretary of HHS, 848 F.2d 271, 274 (1st Cir. _______ _________________ 1988). Moreover, the claimant had, but did not take advantage of, the opportunity to pose his own hypothetical and correct any perceived inadequacies. Torres v. Secretary ______ _________ of HHS, 870 F.2d 742, 746 (1st Cir. 1989). ______ ____________________ 2. And, the capacity for light unskilled work represents, overall, a substantial vocational scope for a younger individual (age 18-49) such as claimant who was 36 when his insured status expired. Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2, 202.00 (g). -3- Finally, the ALJ did not, as claimant contends, mechanically apply the rules of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (the "Grid"), to determine the availability of other work that the claimant could still do. Ortiz v. Secretary of HHS, 890 _____ ________________ F.2d 520, 524 (1st Cir. 1989). After considering the individualized evidence offered by a vocational expert, the ALJ merely referred to a particular rule3 as a "framework", i.e., additional support for the ultimate decision. Claimant's assertion that the ALJ "disposed of" the case using a Grid rule is simply incorrect. Nor does the record indicate that the ALJ failed to consider the cumulative effect of claimant's physical and mental impairments. The ALJ's decision clearly manifests that both claimant's physical and mental residual capacity were taken into account in determining a narrowed light work occupational base, and substantial evidence supports those predicate findings. Affirmed. ________ ____________________ 3. The ALJ referred to Rule 202.21 which directs a conclusion of "not disabled" for individuals like claimant: younger, with a high school education and non-transferable prior work skills. -4-