9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luis SANCHEZ-QUILES, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 93-1151.
 United States Court of Appeals,
First Circuit.
 November 10, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 LCDA. Cristina Munoz Gandara on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Jessie M. Klyce, Assistant Regional Counsel, Region I, Department of Health and Human Services, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant Luis Sanchez-Quiles appeals from a district court judgment which affirms the decision of the Secretary of Health and Human Services denying his claim for social security disability benefits during the insured period between July 2, 1971 and December 31, 1974. Claimant alleges that he suffered from severe back, heart, and mental impairments during that time period. We have thoroughly reviewed the record and the parties' briefs on appeal and are persuaded that the Secretary's decision is supported by substantial evidence. Claimant's contention that the combination of his back, heart, and mental impairments was, in essence, equivalent to the listings for vertebrogenic, heart, and somatoform disorders, is meritless. Findings of medical equivalence must be based on "medical findings that are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526. Claimant's alleged impairments are not supported by medical findings from the insured period that approximate the aforementioned listings in severity or duration.
 
 
 2
 Claimant's contention that the ALJ erred by failing to evaluate his pain as a nonexertional impairment also is unavailing. To be sure, "[p]ain may be a nonexertional factor to be considered in combination with exertional limitations, even though it may also serve as a separate and independent ground for disability." Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986)(per curiam). "Where pain is considered as a separate ground for disability ... it must be severe enough to prevent the claimant from engaging in any substantial gainful employment. Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies." Gagnon v. Secretary of Health and Human Services, 666 F.2d 662, 666 n. 8 (1st Cir. 1981).
 
 
 3
 The ALJ found that claimant's complaints of pain were credible only to the extent that they precluded the performance of more than sedentary work because (1) the medical evidence concerning his back impairment, particularly Dr. Arturo Feria's report, disclosed a full range of motion, little in the way of positive clinical findings, and an inability to "work hard, carry light weights, and climb scaffolds and stairs," (2) the medical evidence disclosed no objective basis for claimant's chest pain complaints, since his myocardial infarction did not occur until June 1975, and a "careful study" of progress notes indicated that claimant's pain was "occasional," (3) claimant's activities during the insured period, which included multiple trips between the United States and Puerto Rico, and claimant's testimony that he experienced at least some relief with medications, indicated that claimant's pain allegations were not fully credible.
 
 
 4
 It is true that the ALJ did not explicitly address claimant's pain as a nonexertional limitation. Nevertheless, we think his decision implies that claimant's pain did not significantly reduce his access to jobs at the sedentary level and thus did not preclude reliance on the grid.[1] So construed, the ALJ's decision is supportable. The record indicates that claimant sought treatment for back pain on only two occasions (August and November) in 1971 and two occasions (March and September) in 1972. There appears to be a significant gap in treatment between September 1972 and August 1983.[2] The 1974 records indicate that claimant sought treatment more frequently but not so much as to suggest the presence of a continuous impairment. In short, the ALJ's conclusion that claimant's pain was "occasional" appears to be correct.[3] The claimant's description of his daily activities (which noted that he took care of the house, wife and children and could drive), the fact that he could travel, and his admission that he experienced some relief with medication all tend to support the ALJ's conclusion that the sedentary work base was essentially intact during the insured period.
 
 
 5
 Thus, claimant's contention that the ALJ erred by failing to consider his pain as a nonexertional limitation ultimately fails. The ALJ's decision implies that claimant's pain was not so persistent or severe as to significantly reduce the sedentary occupational base. Even if the ALJ's decision is not so construed, there is no error in failing to consider pain as a nonexertional impairment where an ALJ reasonably discredits the claimant's testimony concerning the limitations imposed by back pain and other restrictions. See Frustaglia v. Secretary of Health and Human Services, 829 F.2d 192, 195 (1st Cir. 1987)(per curiam). Thus, we may conclude that there was no error in the ALJ's assessment of the disabling effects of claimant's pain.
 
 
 6
 Claimant also faults the ALJ for failing to consider his mental impairment as a possible explanation for his pain, and in applying the grid despite the presence of significant, nonexertional pain and mental impairments. We have already addressed the claimant's pain. The sole evidence in the record concerning an alleged mental impairment during the insured period states simply "[rule out] psychosomatic disorder." (Tr. 222). This is plainly insufficient to establish the presence of a mental impairment that was significant enough to impede claimant's access to the sedentary occupational base. While the record includes more frequent references to anxiety and neurosis after claimant's myocardial infarction was diagnosed in 1975, it was the claimant's burden to prove that he became disabled before his insured status expired. Cruz v. Secretary of Health and Human Services, 818 F.2d 97, 98 (1st Cir.), cert. denied, 497 U.S. 1042 (1987). This he failed to do. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Where "a nonexertional limitation ... [is] found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on the Grid remains appropriate." Ortiz v. Secretary of Health and Human Services, 890 F.2d 520, 524 (1st Cir. 1989)(per curiam)
 
 
 [2]
 We note that some of the records that the ALJ relied upon are not in the record before us, thus this gap may not be as significant as the record presently suggests. But claimant has not pointed out any records which suggest that his condition became more dire during this period. Nor has he challenged the ALJ's description of the missing records. Accordingly, we have assumed that the ALJ's description is correct
 
 
 [3]
 The ALJ might be faulted for discounting the evidence of claimant's chest pain on the ground that his myocardial infarction did not happen until 1975. The record suggests that claimant may have received treatment for a heart condition as early as January-February 1975. (Tr. 291-92, 323-24). Even if he did not, common sense suggests that claimant's ischemic heart disease did not appear overnight, and that at least some of claimant's complaints of chest pain during the insured period may have resulted from his heart condition. But the record does not show that this pain was disabling during that time