36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Wayne I. CARTER, Plaintiff, Appellant,
v.
Donna E. SHALALA, Secretary, U.S. Department of Health and
Human Services, Defendant, Appellee.
 No. 94-1121
 United States Court of Appeals,
First Circuit.
 September 29, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Robert W. Lovegreen, U.S. Magistrate Judge ]
 Moe Greenberg on brief for appellant.
 Edwin J. Gale, United States Attorney, Stephanie S. Browne, Assistant United States Attorney, and Amy S. Knopf, Assistant Regional Counsel, U.S. Department of Health and Human Services, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant Wayne Carter appeals a district court judgment that affirmed a decision of the Secretary of Health and Human Services denying Carter's claim for Social Security disability and Supplemental Security Income (SSI) benefits. Carter claimed that he became disabled in June 1990 as a result of a right leg injury caused by a gunshot wound and a tendency to drink "a bit too much." Carter had previously been employed as a grill cook, laborer, messenger, and maintenance worker, jobs which ranged from semi-skilled light work to unskilled heavy work. Following a hearing before an administrative law Judge (ALJ) at which Carter was represented by counsel, the ALJ issued a decision which ruled that Carter was not disabled at step five of the sequential evaluation process. See Goodermote v. Secretary of Health and Human Services, 690 F. 2d 5, 6-7 (1st Cir. 1982). The ALJ specifically found that Carter's right leg injury imposed exertional limitations that prevented him from performing his past work. However, he also found that Carter retained the physical residual functional capacity to perform the full range of sedentary work. The ALJ also determined that Carter's substance abuse did not constitute a severe impairment. Based in part on Carter's testimony that he believed he physically could do the sedentary work that the ALJ had described, the ALJ applied the Grid, Rules 201.25 (younger individual, limited or less education, skilled or semi-skilled work history where the skills were not transferable) and 201.26 (same findings where the skills were transferable) to conclude that Carter was not disabled. The district court issued a nineteen page memorandum and order upholding the ALJ's decision. This appeal followed.
 
 
 2
 We have thoroughly reviewed the record and each of the parties contentions on appeal. We find ourselves in agreement with the thorough analysis of the district court. We add only the following remarks. First, Carter's contention that the ALJ erred by relying solely on his testimony in concluding that his mental impairment is not severe is not supported by the record. The ALJ's decision relied heavily on Dr. Sorrentino's report, which did not identify any significant vocational restrictions associated with Carter's mental condition. In fact, Dr. Sorrentino's report contained several findings (e.g. "able to concentrate, "continues in tasks," good relationship with authority figures) which are wholly consistent with an ability to perform basic mental work activities. See 20 C.F.R. Sec. 404. 1521. Second, we think that the ALJ's reliance on Carter's testimony, which indicated that Carter had considerably curtailed his alcohol and cocaine consumption, was supportable given the numerous conflicts in the evidence concerning Carter's substance abuse and educational limitations. Such conflicts and credibility judgments are for the Secretary to resolve and are not to be second-guessed. See, e.g. Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991); Frustaglia v. Secretary of Health and Human Services, 829 F.2d 192, 195 (1st Cir. 1987). Third, we see no harm from the ALJ's failure to cite consultant Musika's Psychiatric Review Technique Form (PRTF) where this consultant also rated Carter's mental impairment non-severe. Carter's claim that the ALJ failed to give sufficient weight to his intellectual limitations also fails, for the ALJ specifically recognized that Dr. Sorrentino's diagnosis suggested that Carter may have a developmental reading disorder. Even if Carter is illiterate, there are sufficient jobs within the sedentary range of work available to him, see 20 C.F.R. Part 404, Subpart P, Appendix 2, Sec. 201.00(h). In addition to the Grid Rules cited by the ALJ, Grid Rule 201.23 (younger individual, illiterate, past work unskilled) still directs a finding of not disabled.[1] Finally, it is clear that Carter did not sufficiently identify the alcohol-treatment records that he now says were essential to an evaluation of his mental impairment. Where Carter was represented by counsel and had ample opportunity to submit this evidence to the Secretary, we see no cause for remand now. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Carter also argues that the ALJ erred by failing to have the vocational expert testify about the impact that his alcoholism, personality disorder, and learning disability had on his ability to meet the mental/emotional demands of competitive employment. While it is generally preferable for an ALJ to take vocational evidence, see, e.g., Ortiz v. Secretary of Health and Human Services, 890 F.2d 520, 528 (1st Cir. 1989)("an ALJ should typically err on the side of taking vocational evidence"), on this record application of the Grid alone was supportable