[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1185

JOANN CARON,

Plaintiff, Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge] 



Before

Selya, Boudin and Stahl,
Circuit Judges. 



Francis Lafayette on brief for appellant. 
Donald K. Stern, United States Attorney, Karen L. Goodwin, 
Assistant United States Attorney, and Sara Gardiner Kilkenny, 
Assistant Regional Counsel, Social Security Administration, on brief
for appellee.



September 3, 1997


Per Curiam. We have examined the parties' briefs 

and the record on appeal. Although we have considerable

doubt whether the district court had jurisdiction, the

Commissioner's decision is adequately supported, so we see no

need to reach the jurisdictional issue in this case. We

affirm the order of the district court, dated November 27,

1996, essentially for the reasons given in the district court

Memorandum of the same date. We would add only the

following.

Claimant argues the Administrative Law Judge

("ALJ") improperly used "the Grid" (20 C.F.R. Part 404,

Subpart P, App. 2) in evaluating claimant's nonexertional

limitations. This court has noted use of "the Grid" alone

may be improper in some cases involving nonexertional

limitations. Ortiz v. Secretary of Health & Human Servs., 

890 F.2d 520, 524-24 (1st Cir. 1989). But here the ALJ

followed the rule from Ortiz by using the testimony of a 

vocational expert in addition to using "the Grid." Id. Thus, 

the ALJ's use of "the Grid" was not improper.

Claimant also argues the ALJ failed to evaluate her

subjective complaints of pain. While a more detailed

analysis of those complaints would have been preferable, see 

Frustaglia v. Secretary of Health & Human Servs., 829 F.2d 

192, 195 (1st Cir. 1987), we have examined the record and we

-2-

conclude the ALJ had ample support for his conclusion that

the claimant's subjective complaints were not credible.

AFFIRMED. 

-3-