**Pablo M. RIVERA–RIVERA, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**Civil No. 03–1341 (JAG).**

United States District Court, D. Puerto Rico.

Aug. 3, 2004.

Response filed by JOSE BARDON and PRO-        SUR (docket No. 58).

Cristina Munoz–Gandara, Cristina Munoz Gandara Law Office, San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, United States Attorney's Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On October 16, 2003, claimant Pablo M. Rivera ("Rivera") sought review, pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits (Docket No. 11). The Commissioner, in turn, filed a memorandum in support of her position (Docket No. 10). Upon careful review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Rivera was born on July 27, 1963. He obtained his high school diploma by way of a General Educational Development (GED) test. He also took a course in electronics. Relevantly, he worked as a machine operator (or line supply worker) from 1994 to August 1999, when he developed meningitis and some preexisting limitations worsened.

Claimant filed an application for a period of disability and for disability insurance benefits on October 29, 2000, alleging an inability to work since August 31, 1999, at age thirty-six (36). Specifically, Rivera maintained that he had been unable to work since the stated period because of a sequela of complications from multiple brain surgeries and meningitis which affected his vision, hearing and speech. The application was denied initially and on reconsideration by the Social Security Administration. A hearing was subsequently scheduled and Rivera eventually requested an "on the record" decision. The Administrative Law Judge ("ALJ"), before whom

plaintiff's attorney appeared, considered the case *de novo,* and on February 23, 2001, found that Rivera was not disabled within the meaning of the Act. The ALJ rested his decision on the fact that, although it was undisputed that Rivera could not return to his former job because of non-exertional impairments, there were sufficient jobs available in the national economy that could accommodate Rivera. The Appeals Council denied review of the ALJ's decision on February 13, 2003, rendering it the final decision of the Commissioner of Social Security, subject to judicial review.

## DISCUSSION

To be considered disabled, a claimant must have "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory techniques." 42 U.S.C. § 423(d)(3). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

■ It is well established that it is the responsibility of the Commissioner to determine issues of credibility, draw inferences from the record evidence, and resolve any conflicts in said evidence. *Irlanda Ortiz v. Secretary of HHS,* 955 F.2d 765, 769 (1st Cir.1991). Moreover, the conclusion of a claim for Social Security benefits must be affirmed "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Secretary of HHS,* 819 F.2d 1, 3 (1st Cir.1987). The ALJ's findings of fact "are conclusive when supported by substantial

evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). Finally, the ultimate determination of disability is for the ALJ, not for the courts. *Rodríguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

Claimant raises two arguments in challenging the Commissioner's final decision: (a) that the suggested alternative jobs pointed to by the ALJ are incompatible with Rivera's established limitations, and (b) that the ALJ improperly relied on the Medical–Vocational Guidelines ("Grid") in examining Rivera's non-exertional claim.

■ The Grid is essentially designed to help the Secretary, when appropriate, satisfy his burden of proving the existence of other jobs in the economy that the claimant can perform. *Vázquez v. Secretary of HHS,* 683 F.2d 1, 2 (1st Cir.1982). Where a claimant has one or more non-strength limitations "the Guidelines do not accurately reflect what jobs would or would not be available." *Ortiz v. Secretary of HHS,* 890 F.2d 520, 524 (1st Cir.1989) (*citing Gagnon v. Secretary of HHS,* 666 F.2d 662, 665 n. 6 (1st Cir.1981)). Considering that the Grid is based on a claimant's exertional capacities, "it can only be applied when claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level." *Rose v. Shalala,* 34 F.3d 13, 19 (1st Cir.1994).[1]

Nevertheless, the existence of a non-exertional impairment "does not automatically preclude reliance on the Grid." *Frustaglia v. Secretary of HHS,* 829 F.2d 192, 195 (1st Cir.1987). Should a non-exertional restriction be found to impose no signifi-

---

1. Non-exertional capacity includes "all work-related limitations and restrictions that do not depend on an individual's physical strength." 61 Fed.Reg. 34477 (July 2, 1996).

cant limitation on the range of work a claimant is exertionally able to perform, reliance on the Grid remains appropriate. *Caldarulo v. Bowen,* 857 F.2d 410, 413 (7th Cir.1988). On the other hand, if the effect of a non-exertional impairment on the range of available jobs in the national economy is significant, the Secretary must carry his burden of proving the availability of jobs by "other means." *Ortiz,* 890 F.2d at 524. Typically, the use of a vocational expert falls under the rubric of "other means." *Id.*

■ Upon review of the record and the parties' memoranda, it is readily apparent that the ALJ's determination is substantially supported by the evidence. The ALJ found, in accordance with medical assessments, that Rivera had the residual functional capacity to engage in unskilled work at all exertional levels, so long as he not be even moderately exposed to a noisy environment. Additionally, Rivera's limitations in hearing, speaking and eyesight were noted. These considerations notwithstanding, the ALJ determined that, in light of Rivera's relatively young age, education and work experience, vocational adjustments could reasonably be made to employment opportunities available in the national economy. Contrary to Rivera's characterization, the ALJ did not rely on his layman opinion to find that certain jobs were available in the national economy, but instead he relied on the expertise of a vocational expert (Tr. at 89, 99–108). Rivera's discontent with the jobs suggested does not warrant remand. Perhaps "the Grid's rules do oversimplify the labor market." *Sherwin v. Secretary of HHS,* 685 F.2d 1, 5 (1st Cir.1982). Still, the ALJ based his findings on qualified evaluations and no more is mandated.

■ Furthermore, claimant's allegation that reliance on the Grid was erroneous as a matter of law because Rivera presented a non-exertional claim is itself erroneous.

Precedent dictates turning to "other means," not disregarding the Grid in its entirety. *Ortiz,* 890 F.2d at 524. The ALJ's conclusions took into account medical and vocational expert findings, and were the result of an individualized analysis of Rivera's impairments and skills. The Grid merely provided guidance and a dependable framework, nothing more. This Court sees no error, and thus no good cause for a remand. *See, e.g., Evangelista v. Secretary of HHS,* 826 F.2d 136, 139 (1st Cir.1987). Therefore, the Court affirms the Commissioner's decision denying Rivera disability insurance benefits.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision denying Rivera disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.