54 F.3d 764
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Virginia SANTOS-MARTINEZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 94-2152.
 United States Court of Appeals,
First Circuit.
 May 9, 1995.
 
 Juan A. Hernandez Rivera and Raymond Rivera Esteves on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios, Assistant United States Attorney, and Robert J. Triba, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Virginia Santos-Martinez appeals from a district court judgment affirming the decision of the Secretary of Health and Human Services (the "Secretary") denying her claim for social security disability benefits. Having carefully reviewed the record, we affirm the judgment of the district court substantially for the reasons stated in the magistrate judge's Report and Recommendation dated March 11, 1993, which was adopted by the district court.
 
 
 2
 Claimant makes essentially two arguments on appeal. First, she argues that the Secretary's finding that claimant's disability does not preclude her from performing her past relevant work as a receptionist is not supported by substantial evidence. In particular, claimant relies upon a residual functional capacity assessment ("RFC") that noted limitations in pushing or pulling ten or more pounds, "fingering (fine manipulation)" and "feeling (skin receptors)". Second, claimant argues that, in light of those limitations, the Administrative Law Judge ("ALJ") erred in not obtaining testimony of a vocational expert regarding how those limitations would affect claimant's ability to perform her past relevant work as a receptionist.
 
 I. Substantial Evidence
 
 3
 Even where the record is capable of supporting more than one conclusion, we will affirm the Secretary's determination when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Rodriguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981). Resolutions of conflicts in the evidence are for the Secretary. Id. Where the record permits diverse inferences, the Secretary's determination will be affirmed, so long as the inferences drawn are supported by the evidence. Rodriguez Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir. 1987), cert. denied, 484 U.S. 1012 (1988); Lizotte v. Secretary of HHS, 654 F.2d 127 (1st Cir. 1981).
 
 
 4
 The ALJ made the following findings regarding claimant's medical condition as of December 31, 1988 (the date the claimant was last insured for disability purposes):
 
 
 5
 In January, 1988, and February, 1989, [claimant] underwent surgery for carpal tunnel release of her left and right hands, respectively.
 
 
 6
 ..
 
 
 7
 [T]here is no doubt that the claimant had a condition which required surgery. However, the claimant responded well to treatment and medication. She regained most of the capacity associated with the hands such as grasping, pushing, pulling, lifting and carrying. The claimant on or before December 1988, still had some limitations, and on or before this date the claimant was not capable of performing medium or heavy activities. However, she was not precluded from performing the full range of light exertion.... As long as the claimant avoids activities as heavy lifting or carrying, she is able to function normally.
 
 
 8
 Based upon this analysis of claimant's capabilities and claimant's own description of her former job as a receptionist, the ALJ concluded that she was able to perform her past relevant work as a receptionist.
 
 
 9
 On appeal, claimant faults the ALJ for failing to consider allegedly uncontroverted evidence of "disabilities beyond an impairment to lift or carry." Claimant relies upon an RFC dated August 15, 1991. That RFC noted certain "manipulative limitations," including "Fingering (fine manipulation)" and "Feeling (skin receptors)," and a limitation in claimant's ability to push and or pull (limited to weights of less than ten pounds). A second RFC, however, dated March, 1992, indicated that there were no manipulative limitations established and no limitations regarding claimant's ability to push and/or pull. Therefore, the evidence is not uncontroverted, as claimant alleges.
 
 
 10
 Moreover, the ALJ specifically addressed claimant's manipulative abilities. He found that after surgery, the claimant "regained most of the functional capacity of both hands. She also had a marked improvement in her capacity for grasping and making a fist. The numbness she alleged prior to surgery showed marked improvement." Those findings are supported by the record. Progress notes of an examining physician from the State Insurance Fund ("SIF"), dated May 24, 1989, report that following physical therapy, claimant "has less pain and now full grip strength." SIF progress notes dated June 3, 1989, indicate that the range of motion of the wrist and fingers (of the right hand) is only "slightly limited." A "surgery evaluation" dated March 30, 1990, reported that the surgery had resulted in "great improvement" in both hands and that claimant was "feeling well" in both hands. SIF progress notes dated January 29, 1991, indicate that claimant had "weakness" in her left hand causing slight limitations, but that her right hand was "normal." Given this support in the record for the ALJ's findings, they will not be overturned on appeal.
 
 II. Testimony by a Vocational Expert
 
 11
 Claimant argues that the ALJ erred in failing to elicit the testimony of a Vocational Expert ("VE") to determine whether the impairments indicated by the medical record would preclude her from performing her past relevant work as a receptionist. At step 4 of the disability determination process, however, the ALJ is not required to elicit the testimony of a vocational expert ("VE"). See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992) (holding that because claimant failed to meet his burden of establishing a disability which prevented him from performing his past relevant work, "the ALJ was under no obligation to elicit the testimony of a vocational expert").
 
 
 12
 "The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." Social Security Ruling 82-62. In claimant's application of disability insurance benefits she described her basic duties in her former job as a receptionist, as follows: "1. take telephone calls, care for the public. 3. keep daily reports in the books. 4. Messenger. 5. In charge of photostatic copies." At the hearing before the ALJ, claimant testified that in her former job she had been required to write, to record things in books and to type.
 
 
 13
 Claimant testified at her hearing before the ALJ that her impairments precluded the performance of her past work as a receptionist because she could hardly move her hands and "things fall from my hands." The ALJ did not find claimant's allegations of manipulative limitations that would preclude performance of her past relevant work credible. "The credibility determination by the ALJ who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence is entitled to deference, ... " Frustaglia v. HHS, 829 F.2d 192, 195 (1st Cir. 1987). On this record, the ALJ did not err in failing to elicit the testimony of a VE regarding claimant's capacity to perform her past relevant work as a receptionist.
 
 
 14
 Claimant's allegations of manipulative limitations that would preclude performance of her past relevant work as a receptionist are directly contradicted by the medical evidence. That evidence, as summarized above, indicates that claimant regained full grip strength after surgery and that her right hand was normal and weakness in her left hand was only slightly limiting. The RFC dated March, 1992, indicated that she had no "manipulative limitations." The ALJ's determination that on or before December, 1988, claimant was capable of performing her past relevant work, is substantially supported by the record as a whole.
 
 
 15
 Accordingly, we affirm the district court's opinion affirming the Secretary's denial of benefits.