**Anidolee Melville CHESTER, Plaintiff, Appellant,**

v.

**John J. CALLAHAN, Acting Commissioner of the Social Security Administration, Defendant, Appellee.**

No. 99–1130.

United States Court of Appeals, First Circuit.

Submitted May 12, 1999.

Decided Sept. 30, 1999.

Donna M. Nesselbush on brief for appellant.

Margaret E. Curran, United States Attorney, Mary E. Rogers, Assistant U.S. Attorney, and Wayne G. Lewis, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

**12**

PER CURIAM.

Claimant Anidolee Melville Chester appeals from the judgment of the district court which upheld the determination of the Commissioner of Social Security that she was not entitled to Social Security disability benefits. The judgment of the district court is affirmed in part and reversed in part.

■ 1. *Pelvic Condition.* We agree with the district court that the disability which resulted from this impairment did not prevent claimant from engaging in substantial gainful activity for "a continuous period of not less than 12 months" as required by 42 U.S.C. § 423(d)(1)(A). Even assuming, without deciding, that this condition became disabling in September 1993, the disabling nature of the condition lasted for only 10 months. That is, the fibroid in claimant's uterus was discovered in September 1993 and Dr. Turner opined that such condition had prevented claimant from engaging in substantial gainful employment "prior to her surgery." Since claimant's last surgery occurred on June 24, 1994, the disability resulting from the pelvic and abdominal condition persisted, at most, only from September 1993 through June 1994.

In this context, we note that claimant's insistence that May 7, 1993 was the onset date of her pelvic and abdominal impairment is not supported by the record. Specifically, there is no evidence that claimant consistently complained about this problem or that Dr. Turner, or anyone else, was following her for this problem prior to September 1993. Finally, there also is no indication in the record that claimant received any treatment for this condition subsequent to the 10–month period. *See Irlanda Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991) (per curiam) (gaps in the medical record regarding treatment can constitute "evidence" for purposes of the disability determination).

■ 2. *Back and Neck Condition.* There is insufficient evidence in the record to support the Commissioner's conclusion that, despite claimant's back and neck condition, she could perform her past relevant work as a counselor which, the ALJ had found, was a sedentary job. There also is insufficient evidence to support the Commissioner's alternative conclusion—that under the grid, a finding of not disabled was required since claimant retained the capacity for a full range of sedentary work. We explain.

In relation to claimant's past work, it is not clear at all that her job as a residential counselor was sedentary in nature. That is, although at one point in the hearing claimant stated that "there was a lot of sitting" involved in the job, Trans. at 61, she later amended this statement by adding that she also was required to "prepare meals for the residents, do the shopping, supervise them while they do their laundry, [and] take them to ... doctor's appointments, school appointments [and] to the courthouse." Trans. at 79. The ALJ relied only on the first part of claimant's statement in making his determination regarding the exertional demands of this past job.

Although the counselor job as claimant fully described it appears to have involved more exertion than is ordinarily required for sedentary work, we believe that, at a minimum, more information is needed before a definite finding concerning the exertional nature of this work can be made. Moreover, claimant's other prior work was not sedentary either. That is, it entailed having to carry equipment weighing about 30 pounds. Sedentary work, in contrast, "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Thus, the ALJ's finding that claimant could do her past work is not supported by the record. This leaves the ALJ's conclusion that since claimant could perform the full

range of sedentary work, the grid required a conclusion of not disabled.

In finding that claimant could perform the full range of sedentary work, the ALJ first decided not to credit fully the RFC assessment of Dr. Hall, claimant's treating chiropractor, that claimant could sit for only four hours. However, the reason for the ALJ's decision—that Dr. Hall had merely checked off boxes on a form and had not provided a narrative report containing specific clinical findings—is not supported by the record. That is, the RFC assessment was attached to a medical questionnaire which, in fact, *did* contain a narrative summary of claimant's treatment, *as well as* supporting clinical findings—a range of motion report and copies of the MRI, C–T scan, and EMG studies.

The ALJ's second reason for determining that claimant could perform a full range of sedentary work similarly is not supported by the record. Specifically, the ALJ relied on claimant's description of her day—i.e., that she spends her time reading and watching TV news shows. Claimant, however, did not say that she engaged in these activities while seated and we see no reason to assume that she was sitting since either activity can be done in a prone position. Indeed, claimant specifically stated that she could only sit for 15 or 20 minutes. Trans. at 61.

Thus, the *only* remaining evidence concerning claimant's exertional capacity is the chiropractor's RFC assessment (the sole one in the record regarding the time period after claimant's September 1995 automobile accident). This assessment limited claimant to four hours of sitting—less than the six hours usually required for sedentary work. This obviously erodes the occupational base more than slightly and while it does not mandate a finding of disabled, it does require the ALJ to "cite

examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual resides or in several regions of the country." SSR 96–9p, *Determining Capability to do Other Work—Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work,* 1996 WL 374185, at *5. This the ALJ did not do.

Further, Dr. Hall's RFC assessment indicated that claimant *never* could bend. According to SSR 96–9p, "[a]n ability to stoop occasionally . . . is required in most unskilled sedentary occupations" and "[a] complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." *Id.* at *8.[1] Although claimant is not limited to unskilled work, the ALJ did not address at all this limiting factor. Because the full range of sedentary work arguably was eroded by this limitation and because the burden at step five is on the Commissioner, further proceedings are required. In this context, we note that since the record contains only three months worth of medical evidence concerning claimant's back and neck condition, the Commissioner, on remand, should consider whether this condition was expected to persist for 12 continuous months.

The judgment of the district court is *affirmed* in part and *reversed* in part and the matter is remanded to the Commissioner for further proceedings.

---

1. The ability to stoop incorporates the ability the bend. *See Frustaglia v. Secretary of Health and Human Services,* 829 F.2d 192, 195 (1st Cir.1987) (per curiam) (stooping means to "bend forward from the waist"; internal quotation marks and citation omitted).