[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1546

DONALD R. LEBLANC,

Plaintiff, Appellant,

v.

WILLIAM A. HALTER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Francis X. Quinn, Jr., and Boynton, Waldron, Doleac, Woodman
& Scott, P.A., on brief for appellant.
James B. Farmer, United States Attorney, and Anita Johnson,
Assistant U.S. Attorney, on brief for appellee.

December 3, 2001

**Per Curiam**. Appellant Donald R. LeBlanc appeals from a district court decision upholding the determination by an administrative law judge ("ALJ") that LeBlanc was entitled only to a closed period of Social Security disability benefits due to a back condition. We affirm, essentially for the reasons given by District Judge George O'Toole in his well-written Memorandum and Order dated February 5, 2001. We add only the following comments.

First, in arguing that the ALJ erred in her decision, LeBlanc relies in part on medical evidence he submitted to the Appeals Council, but not to the ALJ. As a recent decision by this court indicates, in reviewing an ALJ decision, we do not consider such new evidence that was never presented to the ALJ. See Mills v. Apfel, 244 F.3d 1, 4 (1st Cir. 2001), pet. for cert. filed (Aug. 29, 2001) (No. 01-6108) (stating that the court would review an ALJ decision "solely on the evidence presented to the ALJ"). Second, we have considered the Appeals Council's denial of review in light of that evidence. See id. (indicating a denial of review by the Appeals Council may be reviewable if it "gives an egregiously mistaken ground for this action"). But we conclude that the Appeals Council reasonably denied

review because of the sporadic nature of any impairment caused by LeBlanc's cervical herniation, which was eventually addressed by surgery.  See Chester v. Callahan, 193 F.3d 10, 12 (1st Cir. 1999) (affirming district court judgment upholding denial of benefits where the "disabling nature" of the claimant's condition had not lasted for 12 months).

Affirmed.